# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN PARIS ARTHUR, #1401692, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2777 |
| | § | |
| HOUSTON POLICE DEPARTMENT, *ET AL*., | § | |
| | § | |
| *Defendants*. | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant Bellahna's motion for a confidentiality and protective order (Docket Entry No. 16) is GRANTED. Until further order of this Court, all parties and non-party witnesses are ORDERED to follow the procedures set forth below with respect to certain documents, information, and/or testimony provided or exchanged in this or related civil actions or proceedings.

### *Scope Of Order*

1.  This Order shall govern all documents and information produced by any party or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information contained in a document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

4. Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "For Counsel Only" constitutes a trade secret or is in fact confidential.

5. This Order shall not bar any attorney in the course of rendering advice to such attorney's client(s) with respect to this litigation from conveying the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Order.

### *Confidential Information*

6. Materials that contain sensitive information may be designated as "Confidential" or as "For Counsel Only." The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or other sensitive information. Materials so designated are referred to herein as "Confidential Information."

7. Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential," "For Counsel Only," or identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged. Originals shall be preserved for inspection.

8. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of the proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing the party who designated the document or information as Confidential Information. The designating party shall have fourteen days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise.

### *Treatment of Confidential Information*

9. Except as otherwise provided in this or subsequent court orders, Confidential Information shall not be disclosed or shown to anyone other than:

(a) The parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding.

(b) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding.

(c) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding.

(d) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation.

(e) The Court, persons employed by the Court, and the jury.

(f) Duly qualified court reporters and videographers participating in these proceedings.

(g) Persons who were the authors or recipients of the documents in the ordinary course of business.

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter.

(i) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

10. Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business or other purpose whatsoever. It is specifically recognized that certain information, which may have been provided to a producing party by a third party (*e.g.*, medical records or documents from District Attorney's Office) shall be marked "Confidential," and shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

11. No person shall disclose Confidential Information to any third party except as provided by this Order without prior written notice of the specific disclosures and persons involved to the producing party. Such disclosure shall not be made before:

(a) Fifteen days after notice to the producing party;

(b) Consent by the producing party; or

(c) Judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier.

Any objections to such disclosure shall be made in writing by the producing party within fifteen days after receipt of notice of any intent to disclose.

12. Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than as provided by this Order.

13. Nothing in this Order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties and non-parties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

14. In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:

(a) With the consent of the producing party, file only a redacted copy of the information;

(b) Where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide information solely for *in camera* review; or

(c) File such information under seal with the Court consistent with the sealing requirements of the Court.

15. Information disclosed at the deposition of a party or non-party, including experts, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order. Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than thirty days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as confidential thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, control or custody.

16. Documents or information unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party. If a receiving party learns of any unauthorized disclosure of Confidential Information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make

all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

17. Within thirty days after the settlement or final adjudication of this litigation, including any appeal related to it, any Confidential information, all reproductions of such information, and any notes, summaries or descriptions of such information in the possession of any party who received such information shall be returned to the producing party or destroyed, excepts as this Court may otherwise order or to be the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney-work product so long as that work product does not duplicate verbatim substantial portions of the text of any Confidential Information.

18. Insofar as the provisions of this Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that:

    (a) There shall be no restrictions on documents that are used as exhibits in open court unless such exhibits were filed under seal; and

    (b) A party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this Order or any other protective.

19. Pursuant to Federal Rule of Evidence 502, neither attorney-client privilege nor work-product privilege is waived by disclosure connected with this litigation.

20. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order modifying this Order.

Signed at Houston, Texas on February 1, 2019

_____
Gray H. Miller
Senior United States District Judge